UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL GAGDEWSING,<br><br>Petitioner,<br><br>v.<br><br>CHARLES GREEN, et al.,<br><br>Respondents. | Civil Action No. 16-6738 (SDW)<br><br><br>OPINION |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Sunil Gagdewsing, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition (ECF No. 4), to which Petitioner has replied. (ECF No. 5). The Government thereafter filed a letter updating this Court as to the status of Petitioner's removal proceedings. (ECF No. 7). For the following reasons, this Court will dismiss the petition as premature.

**I. BACKGROUND**

Petitioner, Sunil Gagdewsing, is a native and citizen of Guyana who entered this country as a lawful permanent resident in May 2004. (Document 1 attached to ECF No. 4 at 2). In March 2010, Petitioner was convicted of possession of a controlled dangerous substance within 1000 feet of a school in the Superior Court of New Jersey, Hudson County. (*Id.*). Following Petitioner's release from prison, he was taken into immigration custody in December 2015. (*Id.*; Document 4 attached to ECF No 4 at 2-3). Petitioner has remained in immigration detention since that date. (Document 4 attached to ECF No. 4 at 2-4).

On July 19, 2016, Petitioner's request for relief from removal were denied by an immigration judge, and the immigration judge entered an order of removal for Petitioner. (*Id.* at 4). Petitioner filed an appeal of that decision on August 8, 2016. (*Id.*). On December 6, 2016, the Board of Immigration Appeals dismissed Petitioner's appeal. (ECF No. 7 at 4). Petitioner thereafter filed a petition for review with the Third Circuit Court of Appeals, but, on February 17, 2017, the Third Circuit dismissed Petitioner's petition for review as untimely filed. (*Id.* at 8-9).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his petition, Petitioner contends that his ongoing immigration detention denies him Due Process, and he is therefore entitled either to a bond hearing or release from detention. Before the Court can address the propriety of Petitioner's detention, the Court must first determine the

2

statutory basis for that confinement. In his petition, Petitioner asserts that he is held pursuant to 8 U.S.C. § 1226(c). While that statute controls the detention of aliens subject to certain prior criminal convictions during the pendency of removal proceedings, § 1226(c) no longer applies once an alien is subject to a final order of removal absent an order staying removal from the relevant Court of Appeals. *See* 8 U.S.C. § 1231(a)(1)(B). Thus, where an alien is subject to a final order of removal and is detained only because of his immigration status, his detention is governed by § 1231 unless and until he seeks and is granted a stay of removal by the Court of Appeals. *Id.* An order of removal becomes administratively final when the Board of Immigration Appeals enters an order dismissing an alien's appeal or affirming his order of removal, or when the time for an alien to seek review before the Board expires. *See Llorente v. Holder*, No. 11-6940, 2012 WL 1191147, at *5 n. 4 (D.N.J. Apr. 10, 2012); *see also* 8 U.S.C. § 1101(a)(47)(B). Because Petitioner's appeal was dismissed by the Board on December 6, 2016, and because Petitioner was not granted a stay by the Court of Appeals, which instead dismissed his petition for review as untimely, Petitioner was subject to a final order of removal as of December 6, 2016. As a result, his detention arises under § 1231, and the propriety of his continued detention is governed by the Supreme Court's decision in *Zadvydas*.

As the Supreme Court explained in *Zadvydas*, § 1231(a) requires the Government to detain all aliens subject to final orders of removal throughout the ninety day removal period. 501 U.S. at 683. The *Zadvydas* Court further explained that the statute permits the Government to continue that detention so long as the alien's detention is "reasonably necessary" to effectuate the alien's removal from the United States. *Id.* at 689, 699. Based on these two observations, the *Zadvydas* Court in turn held that an alien may be held under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention will be presumed to be

3

reasonable and his detention will therefore not be subject to challenge until the expiration of that six month presumptive period. *Id.* at 701. Thus, where an alien has been held for less than six months following a final order of removal, a challenge to his continued detention will be premature and must be dismissed as such. *Id.*

In this case, Petitioner became subject to a final order of removal on December 6, 2016. As of the date of this Opinion, the ninety day removal period has yet to expire as Petitioner has been detained for less than three months under § 1231(a). As Petitioner's post-final order detention is still within the ninety day removal period during which the Government is required to detain him, and as the six month presumptively reasonable period has yet to expire, Petitioner's current challenge to his detention is essentially premature, and his petition must be dismissed as such. *Zadvydas*, 501 U.S. at 701.

### III. CONCLUSION

For the reasons expressed above, this Court will dismiss Petitioner's habeas petition as premature. An appropriate order follows.

Dated: 3/8/17

Hon. Susan D. Wigenton,
United States District Judge